**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| PATRIC FARMER, Individually and for Others Similarly Situated<br><br>v.<br><br>U.S. SILICA COMPANY | **Case No. 4:25-cv-5393**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Patric Farmer (Farmer) brings this class and collective action to recover unpaid wages and other damages from U.S. Silica Company (U.S. Silica) for violations of the Fair Labor Standards Act (FLSA), the South Carolina Payment of Wages Act (SCPWA).

2. U.S. Silica employed Farmer as one of its Hourly Employees (defined below) in South Carolina.

3. U.S. Silica pays Farmer and its other Hourly Employees by the hour.

4. Farmer and the other Hourly Employees regularly work more than 40 hours in a week.

5. But U.S. Silica does not pay Farmer and its other Hourly Employees for all hours worked, including overtime hours.

6. Instead, U.S. Silica requires Farmer and its other Hourly Employees to put on safety gear necessary to perform their job duties, while on U.S. Silica's premises, "off the clock" (U.S. Silica's "off the clock policy").

7. U.S. Silica does not pay Farmer and its other Hourly Employees for this time they spend donning safety gear before their shifts.

8. And U.S. Silica pays Farmer and the other Hourly Employees non-discretionary bonuses, including productions bonuses, that it excludes from their regular rates of pay for overtime purposes (U.S. Silica's "bonus pay scheme").

9. U.S. Silica's off the clock policy and bonus pay scheme violate the FLSA and SCPWA by depriving Farmer and the other Hourly Employees of earned wages, including overtime wages.

## Jurisdiction & Venue

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has supplemental jurisdiction of the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12. This Court has general personal jurisdiction over U.S. Silica because it maintains its principal place of business in Texas.

13. Venue is proper because U.S. Silica maintains its principal place of business in Katy, Texas, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## Parties

14. U.S. Silica employed Farmer as a Bagger and Operator from approximately June 2024 until March 2025.

15. Throughout his employment, U.S. Silica classified Farmer as non-exempt and paid him by the hour.

16. Throughout his employment, U.S. Silica subjected Farmer to its off the clock policy and bonus pay scheme.

17. Farmer's written consent is attached as **Exhibit 1**.

18. Farmer brings this class and collective action on behalf of himself and similarly situated U.S. Silica employees.

19. The putative FLSA collective is defined as:

> **All hourly U.S. Silica employees who worked during the past three years through final resolution of this Action (the "FLSA Collective Members").**

20. Farmer also seeks to represent a class under the SCPWA pursuant to FED. R. CIV. P. 23.

21. The putative class is defined as:

> **All hourly U.S. Silica employees who worked in South Carolina during the past three years through final resolution of this Action (the "South Carolina Class Members").**

22. The FLSA Collective Members and South Carolina Class Members are collectively referred to as the "Hourly Employees."

23. U.S. Silica is a Delaware corporation headquartered in Katy, Texas.

24. U.S. Silica may be served with process through its registered agent: **C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.**

**FLSA COVERAGE**

25. At all relevant times, U.S. Silica has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, U.S. Silica has been an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all relevant times, U.S. Silica has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, tools, PPE, pens, paper, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

28. At all relevant times, U.S. Silica has had an annual gross volume of sales made or business done of $1,000,000 each year.

29. At all relevant times, Farmer and the other Hourly Employees have been U.S. Silica's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

30. At all relevant times, Farmer and the other Hourly Employees have been engaged in commerce or in the production of goods for commerce.

## FACTS

31. "U.S. Silica is a global industrial minerals and logistics leader, with core competencies in mining, processing, logistics and material science that enable us to produce and cost effectively deliver over 800 diversified products to customers across our end markets."[1]

32. To meet its business objectives, U.S. Silica employs workers, like Farmer and the other Hourly Employees, to mine and process silica.

33. While job titles and locations may differ, Farmer and the other Hourly Employees are subject to U.S. Silica's same or similar off the clock policy and/or bonus pay scheme, while performing similar work.

34. For example, U.S. Silica employed Farmer from approximately June 2024 until March 2025 as a Bagger and Operator.

[1] https://www.ussilica.com (last visited November 11, 2025).

35. As an Operator, Farmer's job duties included operating the spout to load rail cars and tankers with sand and other materials and as a Bagger, he bagged different types of sand.

36. Farmer's job duties likewise included putting on required safety gear on U.S. Silica's premises before his shifts.

37. Throughout his employment, U.S. Silica classified Farmer as non-exempt and paid him by the hour.

38. And throughout his employment, Farmer recorded his "on the clock" hours using the timekeeping system U.S. Silica selects and controls.

39. Thus, U.S. Silica's employment records reflect the number of "on the clock" hours Farmer recorded working each week.

40. Throughout his employment, Farmer regularly worked more than 40 hours in a workweek.

41. Throughout his employment, Farmer typically worked approximately 12 hours a day alternating between 3 and 4 days a workweek (36 to 48 hours a workweek).

42. U.S. Silica agreed to pay Farmer approximately $21.85 an hour for his first 40 hours worked each week and overtimes wages for hours worked over 40 in a workweek.

43. Likewise, the other Hourly Employees typically worked approximately 36 to 48 hours a workweek.

44. But U.S. Silica does not pay Farmer and the other Hourly Employees for all their hours worked, including overtime hours.

45. Instead, U.S. Silica subjects Farmer and its other Hourly Employees to its off the clock policy.

46. Specifically, U.S. Silica requires Farmer and the other Hourly Employees to prepare and put on safety gear (including hard hat, safety glasses, gloves, ear protection, steel toed boots, respirator, safety vest, and harness) necessary to performing their jobs, while on U.S. Silica's premises "off the clock," without compensation.

47. This took Farmer and the other Hourly Employees approximately 30 minutes each workday.

48. Farmer and the other Hourly Employees could not safely and efficiently perform their job duties in accordance with U.S. Silica's policies, procedures, and expectations without prepping and donning this safety gear.

49. Indeed, much of the safety gear Farmer must utilize is mandated by federal regulation. *See* 30 C.F.R. § 56, *et seq.*; *see also* 29 C.F.R. §§ 1910.132, 1910.1053.

50. And U.S. Silica maintains extensive "data sheets" identifying fundamentally necessary equipment employees must utilize to safely work with various substances and products.[2]

51. The donning of safety gear is therefore an integral and indispensable work duty for Farmer and the other Hourly Employees.

52. But under its off the clock policy, U.S. Silica does not compensate Farmer and the other Hourly Employees for the same.

53. And U.S. Silica does not pay Farmer and the other Hourly Employees at the required premium overtime rates for hours worked in excess of 40 in a workweek.

54. Instead, U.S. Silica agrees to pay and subsequently pays Farmer and the other Hourly Employees non-discretionary bonuses, including production bonuses, based on its criteria.

---

[2] https://www.ussilica.com/support/guides-working-safely (November 11, 2025).

55. But U.S. Silica excludes these non-discretionary bonuses from Farmer's and the other Hourly Employees' regular rates of pay for overtime purposes during workweeks they work in excess of 40 hours.

56. Thus, under U.S. Silica's bonus pay scheme, it does not pay Farmer and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 in a workweek.

57. As a result of its off the clock policy and bonus pay scheme, U.S. Silica failed to pay Farmer and the other Hourly Employees earned wages, including overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for overtime hours in violation of the FLSA and SCPWA.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

58. Farmer brings his claims as a collective action under Section 216(b) of the FLSA and a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the other Hourly Employees.

59. Like Farmer, the other Hourly Employees are victimized by U.S. Silica's off the clock policy and/or bonus pay scheme.

60. Other Hourly Employees worked with Farmer and indicated they were paid in the same or similar manner, performed similar work, and were subject to U.S. Silica's off the clock policy and/or bonus pay scheme.

61. Based on his experience with U.S. Silica, Farmer is aware U.S. Silica's off the clock policy and bonus pay scheme were imposed on other Hourly Employees.

62. The Hourly Employees are similarly situated in the most relevant respects.

63. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to earned wages, including overtime wages.

64. Rather, the putative class and collective are held together by U.S. Silica's off the clock policy and bonus pay scheme, which systematically deprive Farmer and the other Hourly Employees of required wages, including overtime wages.

65. Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

66. U.S. Silica's records reflect the number of "on the clock" hours the Hourly Employees recorded working each week.

67. U.S. Silica's records also show it paid the Hourly Employees non-discretionary bonuses.

68. U.S. Silica's records show it failed to include these non-discretionary bonuses in their regular rates of pay.

69. The back wages owed to Farmer and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

70. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to U.S. Silica's records, and there is no detraction from the common nucleus of liability facts.

71. Therefore, the issue of damages does not preclude class or collective treatment.

72. Farmer's experiences are typical of the experiences of the other Hourly Employees.

73. Farmer has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

74. Like each Hourly Employee, Farmer has an interest in obtaining the unpaid wages owed under federal and South Carolina law.

75. A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

76. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and U.S. Silica will reap the unjust benefits of violating the FLSA and South Carolina law.

77. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

78. Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and U.S. Silica.

79. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

80. The questions of law and fact that are common to each Hourly Employee predominate over questions affecting solely individual members.

81. Among the common questions of law and fact are:

a. Whether U.S. Silica's off the clock policy failed to compensate the Hourly Employees for all hours worked;

b. Whether U.S. Silica's off the clock policy deprived the Hourly Employees of overtime when they worked more than 40 hours in a week;

c. Whether U.S. Silica paid the Hourly Employees non-discretionary bonuses;

d. Whether U.S. Silica engaged in a policy or practice of failing to include non-discretionary bonuses in the Hourly Employees' regular rates of pay for the purpose of calculating overtime;

e. Whether U.S. Silica failed to pay the Hourly Employees overtime wages at the required premium rates—based on all remuneration—for all overtime hours worked;

f. Whether U.S. Silica's off the clock policy and/or bonus pay scheme deprived the Hourly Employees of earned wages on their regular paydays and/or following the termination of their employment in violation of the SCPWA;

g. Whether U.S. Silica's decision not to pay its Hourly Employees all wages, including overtime wages was made in good faith;

h. Whether U.S. Silica's violations were willful.

82. There are many similarly situated Hourly Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

83. The Hourly Employees are known to U.S. Silica and can be readily identified and located through U.S. Silica's business and personnel records.

**U.S. Silica's Violations Were Willful**

84. U.S. Silica knew it was subject to the FLSA's overtime provisions.

85. U.S. Silica knew it was subject to the SCPWA's earned wages provisions.

86. U.S. Silica knew the FLSA required it to pay non-exempt employees, including the Hourly Employees, overtime at rates of at least 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

87. U.S. Silica knew each Hourly Employee worked more than 40 hours in at least one workweek during the relevant period.

88. U.S. Silica knew it paid its Hourly Employees according to its off the clock policy and/or bonus pay scheme.

89. U.S. Silica knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

90. U.S. Silica knew it required its Hourly Employees to don safety gear "off the clock."

91. U.S. Silica controlled its Hourly Employees' "off the clock" procedures.

92. U.S. Silica knew its Hourly Employees' mandatory "off the clock" work was a fundamental requirement of their jobs with U.S. Silica.

93. U.S. Silica knew its Hourly Employees' mandatory "off the clock" work was an integral and indispensable requirement of their jobs with U.S. Silica.

94. U.S. Silica knew its Hourly Employees routinely performed this daily, required "off the clock" work for U.S. Silica's predominant benefit.

95. In other words, U.S. Silica knew its Hourly Employees performed compensable work "off the clock."

96. U.S. Silica knew its off the clock policy failed to compensate the Hourly Employees for all hours worked, including overtime hours.

97. U.S. Silica knew it paid Farmer and the other Hourly Employees non-discretionary bonuses.

98. U.S. Silica knew these non-discretionary bonuses were not included in Farmer's and the other Hourly Employees' regular rates of pay for overtime purposes.

99. And U.S. Silica knew the FLSA and state law required it to pay Farmer and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

100. U.S. Silica knew Farmer and the other Hourly Employees regularly worked in excess of 40 hours a workweek.

101. U.S. Silica knew the SCPWA prohibited it from withholding or diverting earned wages.

102. Thus, U.S. Silica knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and South Carolina law.

103. U.S. Silica knowingly, willfully, and/or in reckless disregard carried out its off the clock policy and bonus pay scheme that systematically deprived the Hourly Employees of earned wages, including overtime wages for hours worked over 40 in a workweek.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
## (FLSA COLLECTIVE)

104. Farmer brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

105. U.S. Silica violated, and is violating, the FLSA by employing non-exempt employees (Farmer and the other FLSA Collective Members) in a covered enterprise for workweeks in excess of 40 hours without paying such employees overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek.

106. U.S. Silica's unlawful conduct harmed Farmer and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

107. Accordingly, U.S. Silica owes Farmer and the other FLSA Collective Members the difference between the wages actually paid and the overtime wages actually earned.

108. Because U.S. Silica knew or showed reckless disregard for whether, its off the clock policy and bonus pay scheme violated the FLSA, U.S. Silica owes Farmer and the other FLSA Collective Members these wages for at least the past 3 years.

109. U.S. Silica is also liable to Farmer and the other FLSA Collective Members for an amount equal to all their unpaid wages as liquidated damages.

110. Finally, Farmer and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT II
## FAILURE TO PAY EARNED WAGES UNDER THE SCPWA
## (SOUTH CAROLINA CLASS)

111. Farmer brings his SCPWA claim as a class action on behalf of himself and the other South Carolina Class Members pursuant to FED. R. CIV. P. 23.

112. U.S. Silica's conduct violates the SCPWA. S.C. Code §§ 41-10-10, *et seq*.

113. At all relevant times, U.S. Silica was subject to the SCPWA because U.S. Silica was (and is) an "employer" within the meaning of the SCPWA. *See*, S.C. Code §§ 41-10-10(1) and 41-10-20.

114. At all relevant times, U.S. Silica employed Farmer and each South Carolina Class Member as its covered "employees" within the meaning of the SCPWA. *Id.*

115. The SCPWA requires that employers, such as U.S. Silica, "shall pay all wages due at the time and place [it] designated" for payment to employees, such as the South Carolina Class Members. S.C. Code § 41-10-30(A).

116. The SCPWA prohibits employers, like U.S. Silica from "withhold[ing] or divert[ing] any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law." S.C. Code § 41-10-40(C).

117. The SCPWA defines wages in relevant part as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount." S.C. Code § 41-10-10(2).

118. The SCPWA requires employers, like U.S. Silica, to pay employees, the South Carolina Class Members, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. S.C. Code §§ 41-10-40 and -50.

119. U.S. Silica violated, and is violating, the SCPWA by depriving the South Carolina Class Members of earned wages on their regular, designated paydays and/or following the termination of their employment.

120. U.S. Silica's unlawful conduct harmed Farmer and the other South Carolina Class Members by depriving them of earned wages they are owed.

121. Thus, the South Carolina Class Members are entitled to recover "an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees." S.C. Code § 41-10-80(C)

## JURY DEMAND

122. Farmer demands a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Farmer, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b. An Order designating this matter as a class action pursuant to FED. R. CIV. P. 23;

c. An Order appointing Farmer and his counsel to represent the interests of the Hourly Employees;

d. An Order finding U.S. Silica liable to the FLSA Collective Members for unpaid overtime wages owed under the FLSA plus liquidated damages in an amount equal to their unpaid overtime wages;

e. An Order finding U.S. Silica liable to the other South Carolina Class Members for unpaid earned wages owed under the SCPWA plus treble damages;

f. A Judgment against U.S. Silica awarding Farmer and the Hourly Employees all their unpaid wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the FLSA, SCPWA;

g. An Order awarding attorney's fees, costs, and expenses to the Hourly Employees;

h. Pre- and post-judgment interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

November 10, 2025

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Michael Josephson*
Michael A. Josephson
TX Bar No. 24014780
SD TX No. 27157
Andrew W. Dunlap
TX Bar No. 24078444
Fed. ID No. 1093163
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
Fed. ID No. 21615
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR FARMER AND THE HOURLY EMPLOYEES**